PUBLIC SERVICE RY. CO. et al. v. HEROLD.

(District Court, D. New Jersey. January 25, 1915.)

No. 497.

INTERNAL REVENUE ⬤⇒9—EXCISE ON CORPORATION—"DOING BUSINESS."

A corporation which, having leased all its property and franchises, except its franchise to be a corporation, thereafter affirmatively exerts its power for the acquisition of additional franchise rights, is "doing business," so as to be subject to the excise tax, under Act Aug. 5, 1909, c. 6, 36 Stat. 11.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬤⇒9.

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law. Action by the Public Service Railway Company and another against Herman C. H. Herold. Judgment for defendant.

Frank Bergen and Edward Ambler Armstrong, for plaintiffs.

J. Warren Davis, U. S. Atty., of Camden, N. J., and Walter H. Bacon, Asst. U. S. Atty., of Bridgeton, N. J., for defendant.

HUNT, Circuit Judge. Action to recover an amount paid as excise tax for 1912. Payment was made November 28, 1913. Before payment application for abatement was made, and after payment claim for refund. The question is whether the lessor was doing business during the year 1912. 36 Stat. c. 6.

By a lease dated May 1, 1911, the New Jersey & Hudson River Railway & Ferry Company leased all of its property and franchises, except its franchise to be a corporation, to Public Service Railway Company for 900 years from that date. The lease contained covenants very similar with respect to the obligations of lessor and lessee to those included in the lease more particularly referred to in the case of Public Service Railway Company and Bergen Turnpike Company v. Herold (No. 496) 227 Fed. 500. It appears, however, from the testimony adduced on the trial, that the lessor corporation during the year 1912 exerted its corporate powers, not only with respect to certain certificates of stock in companies which were merged into and formed other companies, but joined in the acceptance of a franchise ordinance that was passed by the municipal authorities of Edgewater, and under the seal of the corporation formally accepted such ordinance. The corporation also authorized the renewals of several leases for certain properties and signed the leases. It appears

that the renewals of the leases referred to were bargained for by the Public Service Railway Company and that the income from the leases is collected by the Public Service Railway Company.

If there were nothing in this case except the renewals of leases, which appear to be for pre-existing tenancies, and the issuance of bonds, it would be very doubtful whether the New Jersey & Hudson River Railway & Ferry Company could be said to have done business in 1912. But when we find that it affirmatively exerted its power for the acquisition of additional franchise rights, the conclusion seems irresistible that it was carrying on business and doing acts which were evidently performed with a view of enhancing the value of the property leased and of adding thereto. The case is therefore brought within the scope of the views expressed in the opinion filed in the case of Public Service Railway Company and Camden Horse Railroad Company v. Moffett (No. 485) 227 Fed. 494.

The defendant is entitled to judgment.