PUBLIC SERVICE RY. CO. et al. v. HEROLD.

(District Court, D. New Jersey. January 25, 1915.)

No. 496.

INTERNAL REVENUE ⊚⟶9—CORPORATION TAXES—"DOING BUSINESS."

   Where a corporation leased its property, franchises, rights, and privileges, the lessee agreeing to make extensions to the lessor's lines of railway, etc., and the corporation performed no acts save to receive rentals, it was not liable to corporation taxes, under Corporation Tax Act Aug. 5, 1909, c. 6, 36 Stat. 11 (Comp. St. 1913, §§ 6300–6308), because not "doing business."

   [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⊚⟶9.

   For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law. Action by the Public Service Railway Company and another against Herman C. H. Herold. Judgment for plaintiffs.

Frank Bergen and Edward Ambler Armstrong, both of Newark, N. J., for plaintiffs.

J. Warren Davis, U. S. Atty., of Trenton, N. J., and Walter H. Bacon, Asst. U. S. Atty., of Bridgeton, N. J., for defendant.

HUNT, Circuit Judge. Action to recover taxes paid for 1909, 1910, 1911, and 1912 under the Corporation Tax Law. Act Aug. 5, 1909, c. 6, 36 Stat. 11 (Comp. St. 1913, §§ 6300–6308). The facts shown by the record in this case are substantially these:

The lessor corporation had authority to build a street railroad, and in January, 1908, leased for 999 years to the Public Service Railway Company its lines of railway, lands, bridges, car barns, poles, wires, and all other property of every character, and all rights, privileges, and franchises connected with the demised property, excepting its franchise to be a corporation, its seal, stock, and dividend account books, office furniture, and deeds and documents showing its right and title to the property leased. The lease contains covenants whereby the lessor agrees to make any conveyances and do any act necessary to protect the rights of the lessee and enable the lessee to extend the plants and franchises if it, the lessee, elects to do so, and the lessee has the right from time to time to apply for and operate in the name or in the right of the lessor any further rights, privileges, or franchises necessary for the proper protection of the property demised or the making of extensions of the lines of the lessor, and for its own benefit may use the lessor's name or rights in bringing any suits or taking action which may be necessary for the protection or enjoyment of the demised property. The lessee covenants that it will use and enjoy the property and franchises and privileges demised, subject to the mortgages on the property of the lessor and will pay taxes, assessments, and charges of every kind lawfully imposed during the continuance of the lease, and any sums of money which the lessor might become liable to pay for the possession or perpetuation of any of its powers, privileges, or franchises. The lessee agrees to operate the property and to maintain it in good condition, make betterments, and that all such betterments, additions, and renewals, when acquired, shall become the property of the lessor and a part of the premises and property demised. The lessor agrees to join with the lessee in any deeds necessary to accomplish the sale of any property, and the lessor is to do anything necessary with respect to the renewal or refunding of bonds and mortgages that the lessee requests it to do during the life of the lease. The lessor has the right to enter upon the property and inspect the same for the purpose of ascertaining its condition and the character of the management.

Under the ruling in case 481, Public Service Railway Company and Rapid Transit Street Railway Company v. Herman C. H. Herold, 219 Fed. 301, defendant is entitled to judgment for the taxes paid for the years 1909 and 1910. It appears from the evidence heard upon the trial that, during the years 1911 and 1912, the Bergen Turnpike Company has done no business, except to receive the rentals provided for in the lease heretofore referred to and to maintain its corporate existence, retain its office, and do such things as were done by the lessor corporation in the case of McCoach v. Minehill Railway Co., 228 U. S. 295, 33 Sup. Ct. 419, 57 L. Ed. 842. Undoubtedly it stood ready to exercise its powers retained by virtue of corporate organization, if the lessee required it to exert such powers; but it did nothing other than such things as are to be regarded as receiving the ordinary "fruits that arise from ownership of property." It is therefore not liable to pay the tax assessed, and is entitled to judgment for the amount of the taxes so paid for the years 1911 and 1912.